IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DIANNE R. PRIGGE,<br><br>        Plaintiff,<br><br>v.<br><br>JUDGE V. ROMNEY et al.,<br><br>        Defendants. | **ORDER TO CURE DEFICIENT COMPLAINT & MEMORANDUM DECISION**<br><br>Case No. 2:17-CV-392-DN<br><br>District Judge David Nuffer |

Plaintiff, inmate Dianne R. Prigge, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2018), *in forma pauperis*, *see* 28 id. § 1915. The Court now screens the Complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

### A. Deficiencies in Complaint

Complaint:

(a) is not on the form required by the Court.

(b) does not set forth in clear, concise, and well-organized fashion elements of causes of action sought to be pursued by Plaintiff.

(c) fails to provide an affirmative link between specific defendants and specific civil-rights violations.

(d) improperly names judges as defendants, without considering judicial immunity, as further explained below.

(e) improperly names public defender(s) as defendant(s), without considering that public defenders are not considered to be state actors subject to suit under § 1983.

(f) possibly attempts to state claims of inadequate medical treatment by corrections personnel but neither provides necessary factual details nor links of possible claims to specific defendants.

(g) is perhaps supplemented with claims from letters and documents filed since the Complaint, which claims should be included in an amended complaint, if filed, and will not be treated further by the Court unless properly included.

### B. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling Plaintiff's complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

### • Judicial Immunity

It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). The judges in the claims here very well may have been acting in a judicial capacity in presiding over Plaintiff's case(s); if so, those actions would be entitled to absolute immunity. *See*

*Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should Plaintiff choose to file an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's motion for service of process is **DENIED**. (*See* Docket Entry # 4.) There is currently no valid complaint on file to be served.

DATED this 29th day of January, 2018.

BY THE COURT:

CHIEF JUDGE DAVID NUFFER
United States District Court