IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DIANE R. PRIGGE,<br><br>                            Plaintiff,<br><br>v.<br><br>CLARK BOULTON et al.,<br><br>                          Defendants. | **SECOND ORDER TO CURE DEFICIENT AMENDED COMPLAINT & MEMORANDUM DECISION**<br><br><br>Case No. 2:17-CV-392-DN<br><br>District Judge David Nuffer |

Plaintiff, inmate Dianne R. Prigge, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. §

1983 (2018), *in forma pauperis*, *see* 28 id. § 1915. On November 21, 2018, the Court screened

the Amended Complaint and ordered Plaintiff to file a second amended complaint to cure

deficiencies before further pursuing claims. Plaintiff responded with a document, entitled,

"Motion to Dismiss," but the content of the document does not match the title. It is construes

instead as a response to the November 21st Order.

However, the response does not meet the requirement for Plaintiff to file a second

amended complaint to cure the deficiencies in the Amended Complaint. Still, Plaintiff expresses

the need for more time to meet the requirement and she will be granted a final thirty days to do

so, with repeated guidance, as follows:

### A. Deficiencies in Amended Complaint

Amended Complaint:

(a) possibly alleges claims that concern the constitutionality of Plaintiff's imprisonment,
which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(b) alleges "a random and unauthorized deprivation of property under color of state law," without considering that such a claim "does not give rise to a § 1983 claim if there is an adequate state post-deprivation remedy." *See Frazier v Flores*, No. 13-1535, 2014 U.S. App. LEXIS 12936, at *4 (10th Cir. July 9, 2014) (unpublished) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

(c) does not affirmatively link some defendants to civil-rights violations.

(d) brings civil-rights claims against Clark Boulton and Shannon Hill, who are not properly named, as they are private citizens, not state actors.

(e) has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## B. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal

theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling Plaintiff's complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should Plaintiff choose to file another amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's Motion to Dismiss, (Doc. No. 23), is construed instead as a response to the cure order of November 21, 2018, (Doc. No. 22).

DATED this 25th day of January, 2019.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court