IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DIANE R. PRIGGE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SGT. STEWART et al.,<br><br>　　　　　　Defendants. | **ORDER TO CURE DEFICIENT SECOND AMENDED COMPLAINT & MEMORANDUM DECISION**<br><br>Case No. 2:17-CV-392-DN<br><br>District Judge David Nuffer |

Plaintiff, inmate Dianne R. Prigge, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2019), *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Second Amended Complaint under its statutory review function, *id*. § 1915A,[1] the Court orders Plaintiff to file a third amended complaint to cure deficiencies before further pursuing claims.

### Deficiencies in Second Amended Complaint

Second Amended Complaint:

(a) does not affirmatively link some defendants to civil-rights violations.

(b) possibly inappropriately alleges civil-rights violations on respondeat-superior theory.

---

[1] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> 　　(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2019).

(c) does not state proper legal-access claim (see below).

(d) appears to try to bring claims against other defendants who are referred to only in text and not named in the Second Amended Complaint's heading.

(e) raises issues of classification decision (e.g., eleven months "in the hole") in a way that does not support a cause of action (see below).

(f) improperly names Utah County Jail as a defendant, though it is not an independent legal entity that can sue or be sued.

## Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding h[er] alleged injury, and [s]he must provide such facts if the court is to determine whether [s]he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling Plaintiff's complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by

reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

### • Legal Access

The Court notes that Plaintiff's claim(s) may involve legal access. As Plaintiff fashions her second amended complaint, she should therefore keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the

Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege not only the inadequacy of the library or legal assistance furnished but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced h[er] in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

### • Time "In the Hole"

An inmate's time spent under a specific classification--e.g., "in the hole"--does not necessarily mean that prison administrators were deliberately indifferent to conditions with a substantial risk of serious harm. *Se Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Nor is it, per se, "'atypical [of] ... the ordinary incidents of prison life.'" *See Adams v. Negron,* No. 03-1110, 94 Fed. Appx. 676, 2004 U.S. App. LEXIS 3558, at *4 (10th Cir. Feb. 25, 2004) (quoting *Sandin, v. Conner,* 515 U.S. 472, 484 (1995) (unpublished) (holding placement in highly structured, restrictive prison housing unit not deliberate indifference). Rather, time spent "in the hole" is the

sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Second Amended Complaint's deficiencies noted above. This is the fourth and FINAL order allowing Plaintiff to cure deficiencies in her complaint. If a third amended complaint is filed, the Court will screen it for dismissal or service.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should Plaintiff choose to file a third amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

DATED this 30th day of April, 2019.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court