IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| DIANE R. PRIGGE, | **MEMORANDUM DECISION &** |
| Plaintiff, | **DISMISSAL ORDER** |
| v. | |
| SGT. STEWART et al., | Case No. 2:17-CV-392-DN |
| Defendants. | District Judge David Nuffer |

## BACKGROUND

- May 18, 2017     *Pro se* prisoner civil-rights complaint filed under 42 U.S.C.S. § 1983 (2019). (Doc. No. 3.)

- January 29, 2018     Order requiring Plaintiff to cure deficient complaint and giving guidance on amending complaint. (Doc. No. 17.)

- February 5, 2018     Amended complaint filed. (Doc. No. 18.)

- November 21, 2018     Order requiring Plaintiff to cure deficient amended complaint and giving guidance on amending complaint. (Doc. No. 22.)

- January 25, 2019     Second order requiring Plaintiff to cure deficient amended complaint and giving guidance on amending complaint. (Doc. No. 24.)

- February 19, 2019     Second amended complaint filed. (Doc. No. 25.)

- April 30, 2019     Order requiring Plaintiff to cure deficient second amended complaint and giving guidance on amending complaint. (Doc. No. 26.) Second amended complaint due on May 30, 2019.

The Court has not heard from Plaintiff since February 19, 2019 (nearly five months ago).

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). This Court

may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) ("Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from the courts' calendars where there has been prolonged and unexcused delay.").

Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents at Araphoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).

## CONCLUSION

IT IS ORDERED that, because Plaintiff has failed to comply with the Court's order and has failed to prosecute this case, *see* DUCivR 41-2, Plaintiff's action is DISMISSED without prejudice. This action is CLOSED.

Signed July 10, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge